# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

LAURA R. BADGETT, )
)
    Plaintiff, )
)
v. ) No. 22-05005-CV-SW-DGK-SSA
)
KILOLO KIJAKAZI, )
Acting Commissioner of Social Security, )
)
    Defendant. )

## ORDER REMANDING CASE TO COMMISSIONER FOR FURTHER PROCEEDINGS

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Laura Badgett's application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of pseudoseizures, posttraumatic stress disorder (PTSD), anxiety disorder, panic disorder, and depression, but she retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain non-exertional limitations, including work as a binder-and-wrapper packer, laundry worker, sorter of clothes, and toy stuffer.

After carefully reviewing the record and the parties' arguments, the Court cannot conclude that substantial evidence on the record supports the ALJ's decision. Therefore, the case is REMANDED for further proceedings.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for SSI on January 31, 2020, alleging a disability onset date of August 15, 2019. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to the ALJ. The ALJ held a telephone hearing on February 9, 2021, and on May 5, 2021, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on November 26, 2021, leaving the ALJ's decision as the Commissioner's final decision. Since Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues that the ALJ erred by failing to adopt a certain limitation assessed by the state agency psychological consultant, Kim Stalker, PsyD, or explain why said limitation was not adopted.[2] ECF No. 8 at 10–15. Dr. Stalker found, among other things, that Plaintiff "can understand, remember, and carry out a two-step command involving simple instructions." R. 20. The ALJ ultimately found, among other things, that Plaintiff can "understand, remember, and carry out simple instruction[s]." R. 15. Plaintiff argues that since the ALJ found Dr. Stalker's opinion persuasive and adopted it, he should have limited the RFC to only "two-step commands" or explained why he was not adopting this limitation. ECF No. 8 at 10. Defendant counters that the ALJ does not need to perform a "line-by-line" assessment of the medical opinion and identify every limitation that was adopted or rejected in formulating the RFC, but rather only needs to credit the opinions supported by the record as a whole. ECF No. 9 at 6–7. And since the ALJ

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

[2] Plaintiff also argues that the ALJ failed to articulate the persuasiveness of her treating psychologist's opinion and failed to support his evaluation with substantial evidence. Because the Court finds remand is appropriate based on Plaintiff's first argument, it declines to address her other argument.

listed numerous observations in support of the RFC, Defendant argues it fulfilled its obligation. *Id*. at 7–8.

Because this claim was filed in 2019, the revised regulations apply to the arguments here. Under those regulations, an ALJ is not required to adopt or give any specific evidentiary weight to a medical opinion. *See* 20 C.F.R. § 404.1520c(a). But an ALJ must explain how persuasive she finds a medical opinion based on, at least, the supportability and consistency of that opinion with the record as a whole. *See* 20 C.F.R. § 404.1520c(b)(1)–(2). When an ALJ's assessment of medical sources directly conflicts with the claimant's RFC, and the ALJ fails to explain that conflict, a limited remand may be appropriate for clarification if the error appears to have impacted the outcome. *See Neeley v. Berryhill*, No. 4:16-cv-00883-DGK, 2017 WL 4074614, at *3–4 (W.D. Mo. Sept. 14, 2017); *see also Hickert v. Kijakazi*, No. 4:21-CV-00425-DGK, 2022 WL 2966882, at *2 (W.D. Mo. July 27, 2022); *Stafford v. Kijikazi*, No. 4:20-cv-1011-NKL, 2022 WL 358061, at *3–4 (W.D. Mo. Feb. 7, 2022); *Masden v. Saul*, No. 4:20-cv-00267-MDH, 2021 WL 3172934, at *2–3 (W.D. Mo. July 27, 2021); *Shay v. Comm'r of Soc. Sec.*, No. 4:18-cv-00870-RK, 2020 WL 30326, at *2–3 (W.D. Mo. Jan. 2, 2020).

Here, the Court cannot find that substantial evidence supports the ALJ's assessment of Dr. Stalker's opinion. The ALJ explicitly stated that it was adopting Dr. Stalker's opinion, including the limitation that "she could understand, remember, and carry out a *two-step command* involving simple instructions." R. 20 (emphasis added). However, the ALJ's RFC formulation states that Plaintiff "can understand, remember, and carry out *simple instruction*[*s*.]" R. 15 (emphasis added). The ALJ did not explain why the two-step command limitation was not included in Plaintiff's RFC, despite explicitly stating that it was adopting Dr. Stalker's opinion. Unless this apparent

error was harmless, this is problematic. *See Neeley v. Berryhill*, No. 4:16-cv-00883-DGK, 2017 WL 4074614, at *3–4 (W.D. Mo. Sept. 14, 2017).

The Court cannot find the error to be harmless. For instance, the ALJ did not present the Vocational Expert ("VE") with a hypothetical regarding a two-step command limitation, R. 91–94, and the VE ultimately found Plaintiff capable of working as a binder-and-wrapper packer, laundry worker, sorter of clothes, or toy stuffer—all reasoning level-two jobs. R. 23. Plaintiff argues that a two-step command limitation would have limited the VE's findings to reasoning level-one jobs instead. ECF No. 8 at 12–13. *Compare Thomas v. Berryhill*, 881 F.3d 672, 677 (8th Cir. 2018) (defining level-one reasoning "as the mere ability to apply 'commonsense understanding to carry out simple one-or two-step instructions'"), *with Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (finding level-two reasoning occupations were appropriate since "the ALJ did not limit 'simple' job instructions to 'simple *one- or two-step* instructions'"). Since the ALJ did not present the two-step command limitation to the VE, the Court cannot definitively find that the difference in this limitation would have no impact on the disability determination. *See Gann v. Berryhill*, 864 F.3d 947, 952 (8th Cir. 2017) ("[W]e have previously recognized that a VE cannot accurately assess the claimant's job prospects unless the hypothetical question comprehensively describes the claimant's limitations.").

In remanding for further clarification, the Court is not indicating what it believes the ultimate disability determination should be. That decision is reserved for the Commissioner. The Court is simply saying that the ALJ should provide a more thorough explanation of why it did not include the two-step command limitation assessed in Dr. Stalker's opinion.

## Conclusion

For the reasons set forth above, the Court finds the record lacks substantial evidence to support the ALJ's decision, and this matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Date:  November 17, 2022  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT